SOUTHERN CARBON COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24867.)

Court of Claims, June 20, 1939.

*Clark, Carr & Ellis* [*Paul A. Crouch* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Jacob Honigsbaum Deputy Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J. This is a claim for refund of the amount of tax paid for stock transfer stamps which the claimant maintained were erroneously affixed and cancelled in connection with the transfer of stock certificates representing 164,807 shares of Interstate Natural Gas Company stock from claimant's name to that of Columbian Carbon Company, of which the claimant is a wholly owned subsidiary.

The claim was filed with the Comptroller pursuant to the provisions of section 280 of the Tax Law, and was rejected.

The origin of the stock was a gas purchase contract of claimant with Interstate, as a part of which claimant agreed to purchase both bonds and common stock of Interstate. Claimant was, however, not itself in possession of funds to carry out the purchase of the stock, and the Columbian Carbon Company effected such purchase of the Interstate stock on August 16, 1926 by its check drawn on funds borrowed for the purchase on the sole credit of Columbian. No part of the purchase price was ever paid by, secured by or charged against the claimant. The certificates of the Interstate stock were, however, issued in claimant's name. Claimant remained record owner of such certificates until the transfer in question.

At the time of the purchase, the price paid for the stock was charged to Columbian's investment account, and the stock entered in its investment register; it was included as an asset of Columbian's upon its books and on its balance sheets and audits from the date of the purchase; it was never included or reflected in any way, either on the books or the audits or balance sheets of the claimant.

Columbian Carbon Company at all times had physical possession and custody of all of the certificates of stock of the Interstate. There was no written agreement in existence between claimant and Columbian with respect to the said stock nor was there any indorsement of any kind on the certificates or on the transfer of said stock with respect to the nature of the transaction or the terms under which same was made.

All dividends declared and paid on the Interstate stock were paid to claimant by checks and were indorsed by it to Columbian and deposited to the latter's credit and reflected as income on its

books. The dividends were never entered or reflected in any way on claimant's books.

The question is whether a stock transfer tax, accrued upon the transfer, cancellation, and surrender of stock certificates standing in the name of Southern to Columbian Carbon Company. For the purpose of this decision, there being no proof to the contrary, it may be assumed that actual ownership of the Interstate stock was in Columbian, while the registered title to the stock certificates was in the name of the claimant. The transfer of the record title of the stock from the claimant to Columbian is a taxable transfer under section 270 of the Tax Law unless the transfer comes within the exemptions set forth in the statute. Section 270 of the Tax Law provides: " There is hereby imposed and shall immediately accrue and be collected a tax; as herein provided, on all sales, or agreements to sell, or memoranda of sales and all deliveries or *transfers of shares* or certificates of stock." It has been held that the expression " legal title " as used in this statute, signified the appearance of title as distinguished from a full and complete title. (*Bonbright & Co.* v. *State,* 165 App. Div. 640; *Travis* v. *Ann Arbor Co.,* 180 id. 799, 801.) The transfer of the legal title to the stock was therefore a taxable transfer, unless upon the facts herein stated, such transfer comes within the exemptions provided for in section 270 of the Tax Law.

Claimant contends that said transfer, being one from a mere " custodian " to the owner, is within the exemptions referred to in the statute, and is, therefore, specifically exempt from tax. The record, however, indicates that the claimant, Southern Carbon Company, was not a " custodian " but was a mere nominee. There is nothing in the statute defining the word " custodian " or in any way limiting its meaning. In Bouvier's Law Dictionary ([Rawle's 3d rev.], vol. 1, p. 741) the word " custody " is defined as " The care and possession of a thing " and in 17 Corpus Juris (at pp. 440, 441) the word " custody " is defined as follows: " The term means the keeping, guarding, care, watch, inspection, preservation, or security of a thing; and carries with it the idea of the thing being within the immediate personal care and control of the person to whose custody it is subjected; charge; immediate charge and control, and not the final absolute control of ownership, implying responsibility for the protection and preservation of the thing in custody."

The physical possession of the stock in question was, from the date of its transfer from Interstate, in the treasurer of Columbian, and at no time was it in possession of the claimant. It cannot, therefore, be said that the transfer in question was from a " cus-

todian " to the owner, as provided for in section 270 of the Tax Law.

The transfer of the certificates of the Interstate, under these circumstances, was taxable, and the claim herein to recover the amount paid for such transfer tax is dismissed.